J. P. BARRIÈRE *v.* A. A. PEYCHAUD.

Where a party permits a broker to act as principal, in effecting a compromise with his debtor, on a promissory note, and is notified of the broker's act, without repudiating his authority at once, he is bound by the compromise entered into between the debtor and broker.

The agent is a competent witness to prove acts done within the scope of his authority ; his liability for damages for falsely representing himself as agent, is an objection to his credibility.

APPEAL from the Fifth District Court of New Orleans, *Eggleston*, J.
J. *Magne*, for plaintiff and appellant.   G. *LeGardeur*, for defendant and appellee.

COLE, J. Plaintiff institutes this suit, as the holder of a promissory note for $3500, subscribed by *A. A. Peychaud*, to the order of and endorsed by *P. A. Hébrard*, dated 14th July, 1856, and payable six months after date, duly protested for non-payment. He prays for judgment against *Peychaud*, the maker.

The answer avers, that defendant, finding himself, in consequence of the failure of *Hébrard*, in which he was deeply involved, unable to pay his just debts, called upon all the parties who held notes, drawn and endorsed by himself and *Hébrard*, submitted to them a statement of his affairs, and offered to surrender to them at once all the property he possessed, or to pay them thirty per cent. on the whole amount due by him, as drawer or endorser aforesaid, in notes at one, two and three years, bearing six per cent. interest, and secured by the endorsement of *Pierre Deverges* for one-third, of *Claude Forstall* for another third, and of *Louis Deloche* for the remaining third.

That the parties refused the proposed surrender, and accepted the thirty per cent. in full payment and satisfaction of their claims against respondent.

There was judgment for defendant, and plaintiff has appealed.

The principal question is, whether *J. M. D. Gauthier* was authorized to act as agent of plaintiff in accepting the thirty per cent.

The note sued upon had been purchased by *Gauthier*, who is a broker, for plaintiff, and as the latter did not wish his name to be known in the transaction, he requested *Gauthier* to represent him in the matter of the insolvency of *Hébrard & Peychaud*, and he told *Gauthier* that everything he might do would be well; and that he might do as he pleased, just as if the note was his."

The evidence of *Gauthier* fully establishes, that he was empowered to agree to the compromise. The notes which were to be substituted for the original one have been tendered to plaintiff, but he has refused to take them. Defendant has deposited the notes in bank for the benefit of plaintiff.

The conduct of plaintiff creates the impression, that he was willing to allow *Gauthier* to represent him until the other creditors had consented to the compromise, and then, that he intended to deny the agency of *Gauthier*, and seek to collect the whole amount of his debt.

If plaintiff can succeed, it would certainly work a great injustice to the creditors, who were parties to the compromise, and also to the endorsers of *Peychaud*. For the former consented to the release, without doubt, upon the supposition that all who held notes drawn and endorsed by himself and *Hébrard* had agreed to the compromise, and that the property and future exertions of *Peychaud* would be devoted to the payment of thirty per cent. only upon those debts ; and the endorsers, *Deverges, Forstall* and *Deloche*, doubtless, were influenced by the idea, that the property and labors of *Peychaud* would suffice to guaranty them from loss, by being responsible for thirty per cent., although they might not be, if any particular creditor should be paid in full.

*Gauthier* is a competent witness, to prove acts done within the scope of his agency. The objection, on the ground of his liability to actions for damages and the costs of this suit, if he falsely represented himself as agent, goes simply to his credibility. 1 Greenleaf on Evidence, § 416 ; Phillips, vol. 1, p. 52 ; 1 An. 399; 4 An. 409 ; ibid, 540.

Independently of the testimony of *Gauthier*, there is also corroborating evidence. On the 19th January, 1857, two days after the note sued upon had been protested, the plaintiff addressed a letter to the defendant, in which he stated that he was the holder of the note, and if defendant had any arrangement to propose

by the 24th inst., which would be satisfactory, he would accept it; if not, that he would be obliged to resort to legal measures to obtain payment of the note.

To this letter, in which plaintiff asserts his title to the note, and menaces with a suit after the expiration of five days, the defendant answers, upon the 19th January, the same day it was received, as follows :

" Monsieur :

En réponse à votre lettre de ce jour, je me hâte de vous dire que l'arrangement que j'ai fait, il y a quelque temps, avec mes créanciers, embrasse le billet dont parle votre lettre, et qui se trouvait en la possession de *Mr. J. M. D. Gauthier ;* ce dernier a, comme tous les autres créanciers, accepté les propositions que je lui ai faites, et dont le réglement doit se faire incessamment.   Veuillez, donc, voir *Mr. Gauthier* à ce sujet."

This letter announced to plaintiff, that *Gauthier* had acted as owner of the note, and entered into an arrangement in relation to it.   If *Gauthier* were not so authorized, it was his duty to have repudiated the agreement as soon as he was notified of it.   He did not do so ; he is, therefore, presumed to have ratified it, and is bound by it.

The evidence of *Gauthier* establishes that he entered into the compromise.

There is also an act of compromise in writing, in which certain creditors agreed to take thirty per cent. in notes, signed by *Gauthier* and other creditors.

The character of the creditors who consented to the compromise and passed acts of release, shows that this compromise was advantageous for the creditors. There are releases in the record of the original debts for notes given, according to the compromise, by the Mechanics' and Traders' Bank, the Branch of the Louisiana State Bank, the Louisiana State Bank, the Bank of Louisiana, and *A. Carrière.*

*Gauthier* did not, then, act adversely to the interests of his principal, but for his advantage.

The agency of *Gauthier* is then proved by his parol testimony, and by the conduct of plaintiff in relation to the answer sent by defendant to the letter of plaintiff.

There is also the compromise in writing, signed by *Gauthier.*

Plaintiff, however, contends that parol testimony ought not to have been allowed to show in what capacity *Gauthier* signed the act of compromise.

It was properly admitted ; the object of the testimony was not to vary or contradict the terms of the agreement.   The agreement purported to be signed by *Gauthier ;* the parol evidence, which showed that he signed it as agent of plaintiff, did not vary or contradict the signature of *Gauthier.*   It was simply explanatory of the capacity in which he signed it.

The mere signature to an act of compromise does not prove that the party signed as principal ; he may have signed as agent, and he ought to be permitted to prove it, except in such particular cases as may be prohibited by law.

The objection, that the agreement was a voluntary respite, and as such, required the concurrence of *all* the creditors, is without force in the present case ; for this agreement was merely a compromise between a debtor and some of his creditors, with which the respite laws of Louisiana have nothing to do.

Judgment affirmed, with costs.